152 P.2d 393

**CHAVEZ v. WORLEY et al.**

No. 4820.

Supreme Court of New Mexico.

Aug. 30, 1944.

Rehearing Denied Oct. 30, 1944.

Caswell S. Neal, of Carlsbad, for appellants.

Frazier & Quantius, of Roswell, for appellee.

BICKLEY, Justice.

Plaintiff (appellee) sued the defendants (appellants) for damages on account of the collision of a Ford truck driven by Orville Worley with a pickup driven by Miguel Chavez, deceased, which accident resulted in death.

The collision occurred at a highway intersection. The complaint alleged negligence of Orville Worley in operating the truck in a reckless and negligent manner, approaching the intersection without keeping a proper lookout, without sounding a warning, and without having his truck under control. The "last clear chance" doctrine was also pleaded by plaintiff. The case was dismissed as to the defendant, Virgil Worley.

The defendants, after denying generally the allegations of the complaint, plead-

ed the defense of contributory negligence upon the part of the deceased in driving his car into the intersection without keeping a proper lookout; in driving at a dangerous speed; in approaching and crossing the intersection on the left hand side of the road he was traveling, and in other respects. The case was tried by the court without a jury. The trial resulted in a judgment in favor of the plaintiff.

The trial court made specific and adequate findings of fact to support the court's conclusions of law and the judgment. Appellant relies upon three points for reversal, as follows:

"(1) The Court erred in refusing to conclude from the facts that as a matter of law the deceased Miguel Chavez was guilty of contributory negligence, such as to bar a recovery, and in rendering judgment for the Appellee.

"(2) The court erred in refusing to make requested finding of fact No. 4, requested by the Appellants.

"(3) The Court erred in refusing to make requested finding of fact No. 5 requested by the Appellants."

These three points are all argued together and amount to the same thing; namely, that the trial court erred in finding and concluding "that the death was caused by the negligence of the said defendants, and was the direct and proximate result thereof."

■■ We agree with the statement of the trial judge, made at the conclusion of the trial, that this case involves merely a question of fact.

[2] We see no benefit to the bench and bar in giving here a detailed statement of the evidence. It is sufficient to say that we have given the record careful consideration and conclude that the court's findings are supported by substantial evidence and that his conclusions of law based thereon are correct. It follows, perforce, that appellant's points above quoted which likewise are to be determined upon evidence of the facts are without merit.

Finding no error the judgment should be affirmed, and

It is so ordered.

SADLER, and MABRY and THREET, JJ., concur.

BRICE, J., did not participate.

On Motion for Rehearing.

BICKLEY, Justice.

■■ The appellant complains on rehearing that on the authority of Morehead v. Atchison, T. & S. F. R. Co., 27 N.M. 349, 201 P. 1048, and Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24, not noticed in our original opinion, we should hold as a matter of law that the appellee's decedent was guilty of contributory negligence. In other words, we are asked to say as a matter of law that the decedent was negligent in attempting to drive across a road 18 feet in width on the traveled portion with shoulders available

for travel ten feet in width on either side thereof in the path of an oncoming truck 600 feet distant proceeding at the rate of 40 miles per hour whose driver had opportunity for unobstructed vision of decedent's car from the moment it entered the intersection.

We think nothing said in either of the cases mentioned compels such a holding. Neither are we satisfied that any twelve men of reasonable minds would agree the decedent took a chance which a reasonably prudent person would not have taken in attempting the crossing and, hence, was negligent in so doing.

"The circumstances of each case must determine the degree of alertness required of a driver in keeping a lookout for road hazards; and, usually, as here, it becomes a question for the jury." Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585, 592.

The motion for rehearing will be denied.

It is so ordered.

SADLER, C. J., and MABRY, BRICE, and THREET, JJ., concur.