165 P.2d 587

**LUCERO v. HARSHEY et al.**

No. 4915.

Supreme Court of New Mexico.

Jan. 25, 1946.

G. T. Watts and O. O. Askren, both of Roswell, for appellants.

Gino J. Matteucci and A. H. McLeod, both of Albuquerque, for appellee.

LUJAN, Justice.

Defendants below (appellants) state the case as follows: "The plaintiff, as administratrix of the estate of her deceased husband, Bernardino Lucero, filed her suit in the District Court of Bernalillo County, charging negligence on the part of the defendants in an automobile accident wherein Bernardino Lucero lost his life. The complaint is in the usual form of action under the wrongful death statute. (Tr. 1) Defendants answered by traversing the allegations of negligence and reckless conduct of defendants. (Tr. 4) And defendants answered further by way of new matter, setting up facts showing that the deceased caused his own death by his own negligent conduct; and facts showing that the deceased at least contributed to the accident by his own reckless conduct to the extent that the acts of deceased were the proximate cause of his death. The Answer further set up that the defendants took the last clear chance when confronted by the hazard of the road created by the deceased."

The plaintiff below (appellee) accepts the foregoing statement of the case except that she asserts that "The Complaint contains allegations to show that the defendant had the last clear chance and that appellant driver was guilty of reckless disregard of the rights of plaintiff's intestate, and that therefore the issues made by appellee are broader and more comprehensive than are usually set up in a pleading for wrongful death."

We find no refutation of this comment on appellants' statement of the case since there is no reply brief.

Briefly, the facts are that on or about September 23, 1944, during daylight, the decedent had one Francisco Garcia, with a team of horses hitched to a wagon, pull his automobile up on the highway, the car being headed in a westerly direction on the road, and being north of the center line

on such highway. The team and wagon were directly in front of the car and had just been uncoupled at the time of the accident. The point of impact was 490 feet from the crest of the hill to the east. Young Harshey, driving his father's truck loaded with sheep and other livestock, was traveling in a westerly direction on the highway. The defendant driver came over the hill and instead of stopping, as he could have done, or passing to the left of Lucero's car, as he should have done, drove to the right, and off the pavement, running into Lucero and also hitting the right front wheel of Garcia's wagon and the right horse of the team.

The following are among the specific findings of fact made by the court in support of its conclusions of law and judgment:

4. "That Highway 66, Bernalillo County, New Mexico, is a paved and traveled highway through mountainous country at the place of the accident.

5. "That a short time before the accident the car of the deceased, Bernardino C. Lucero, had gone dead and was entirely off Highway 66 on a side road, and shortly before the accident he, the said Lucero, caused his automobile to be pulled onto said highway by horses, where it was parked on the right-hand side of the road at the time Lucero was killed.

6. "That said act of pulling said disabled car from a place of safety, where it had stalled on a side road, onto said highway, and parking the same on the paved part thereof was negligence on the part of the deceased.

7. "That on the 23rd day of September, 1944, the defendant, Richard Thomas Harshey, drove and operated a truck in a careless and negligent manner, which caused the death of Bernardino C. Lucero; that at said time and place the said Richard Thomas Harshey did not act as a careful and prudent person, and if he had so acted, he could have avoided running into and injuring the said Bernardino C. Lucero.

8. "That at the time and place hereinabove stated Richard Thomas Harshey was operating his father's truck under the Family Purpose Doctrine, and any negligence of the son was the negligence of L. E. Harshey.

9. "That the proximate cause of the death of Bernardino C. Lucero was the negligence of the defendant, Richard Thomas Harshey, and the negligence of the decedent, Bernardino C. Lucero, in having his stalled automobile parked on the highway, did not proximately contribute to the accident which caused his death.

10. "At the time Richard Thomas Harshey had the last clear chance and could have avoided hitting the said Bernardino C. Lucero by either stopping his truck or proceeding to pass the stalled automobile by passing to his left on the paved portion of the highway, which he had room to do.

11. "That said defendant Richard Thomas Harshey had a range of vision of

490 feet before he hit the said Bernardino C. Lucero, which said vision was clear and unobstructed.

12. "That Bernardino C. Lucero was hit by the said Richard Thomas Harshey on September 23, 1944 at about the hour of 5:40 p.m., daylight saving time, and at such time it was daylight."

Appellants rely upon two points for reversal, as follows:

"(1) The Court erred in holding that Bernardino C. Lucero's negligence did not contribute proximately to his death, and that the negligence of the defendant was the sole proximate cause of the accident, because the facts are substantially directly to the contrary.

"(2) The Court erred in holding that Harshey did not exercise a last clear chance and therefore was negligent and that such was the proximate cause of the accident, because the facts are directly to the contrary."

■ The two points are argued together and amount to the same thing; viz., that the trial court erred in finding and concluding "That the death of the decedent was caused by the negligence of the said defendant, Richard Thomas Harshey, and was the direct and proximate result thereof."

■ We have studiously read the record of the testimony and we are convinced that the foregoing findings are supported by substantial evidence. In addition to this, the trial judge viewed the scene of the accident and made some experiments as to ability to stop a car on this particular stretch of highway which we may not ignore as of some value in support of the findings.

■ As to whether the concluding clause of Finding numbered 9, "and the negligence of the decedent, Bernardino C. Lucero, in having his stalled automobile parked on the highway, did not proximately contribute to the accident which caused his death", found its place there because the trial court was not satisfied from the evidence that the alleged negligence of the decedent arose to the dignity of contributory negligence as a defense to the primary negligence alleged in plaintiff's complaint; or, whether the court took the view that under the law of last clear chance such alleged contributory negligence, even if existent as a defense to the primary negligence of the defendants was relegated to the background by the intervening negligence of the defendants under the law of last clear chance save as a mere condition or remote cause—is not entirely clear. Nor does it become important to determine when we remember that, after all, the doctrine of discovered peril or last clear chance is but a phase of the doctrine of proximate cause and whether the judgment rests on the defendants' primary negligence or their supervening negligence as the proximate cause, either ground is in accord with the trial court's finding that their negligence was "the proximate cause of the

death of Bernardino C. Lucero" and fully supports the judgment.

In Thayer v. Denver & R. G. R. Co., 21 N.M. 330, 331, 154 P. 691, 695, it was decided: "In an action predicated upon the doctrine of 'last clear chance,' it must appear that the plaintiff was negligent, but that such negligence was not the proximate cause of the accident, but that the proximate cause thereof was the negligence or want of due care on the part of the defendant."

The problem is thus stated by Street in his scholary work entitled "Foundations of Legal Liability", discussing negligence and contributory negligence, at pages 126 and 136, Vol. 1.

"The subject of contributory negligence can perhaps best be approached along the lines of classification indicated by Lindley, L. J., in the case of The Bernina (1887): Said this learned judge: 'The cases which give rise to actions for negligence are primarily reducible to three classes as follows: 1. A, without fault of his own, is injured by the negligence of B; then B is liable to A. 2. A by his own fault is injured by B without fault on his part; then B is not liable to A. 3. A is injured by B by the fault more or less of both combined; then the following further distinctions have to be made; (a) if, notwithstanding B's negligence, A with reasonable care could have avoided the injury, he cannot sue B; (b) if, notwithstanding A's negligence, B with reasonable care could have avoided injuring A, A can sue B; (c) if there has been as much want of reasonable care on A's part as on B's, or, in other words, if the proximate cause of the injury is the want of reasonable care on both sides, A cannot sue B. * * *'

"From the foregoing cases illustrative of the principles stated in subdivisions (a) and (b) it is seen that wherever the court or jury can see that the harm complained of was proximately caused by the negligence of one of the parties, while the negligence of the other was only remotely connected with that harm, the person whose negligence is the proximate cause must be held responsible. If that person is the defendant then the plaintiff may recover; if that person is the plaintiff himself, then the action must fall. This principle is neatly and accurately summed up in the doctrine of 'the last clear chance', which is to the effect that whenever the respective acts of negligence on the part of the plaintiff and defendant are not actually concurrent, but one succeeds the other by an appreciable interval, the person who has the last clear chance to avoid the impending harm and negligently fails to do so is chargeable with the whole."

■ Annotations on the doctrine of last clear chance will be found in 92 A.L. R. 47 and 119 A.L.R. 1043, and we find no occasion for quotation or further discussion of this doctrine here. This is essentially a facts case. In Babbitt's Motor Vehicle Laws, 4th Ed., p. 1004, it is said:

"Questions as to the proximate cause, remote cause, sole proximate cause, and intervening cause are usually for the jury, or for the court sitting without a jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it. Especially is this so where the evidence is fairly convincing as to what is the direct and proximate cause."

 Likewise, the question of contributory negligence is usually for the jury, or for the court sitting without a jury. See Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214; Silva et al. v. Waldie, 42 N.M. 514, 82 P.2d 282; Lopez v. Townsend et al., 42 N.M. 601, 82 P.2d 921; Chavez v. Worley, 48 N.M. 449, 152 P.2d 393; Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585.

We find nothing in the case at bar to take it out of the principles last above referred to and a careful consideration of the record satisfies us that each error assigned by the appellants is without merit. It follows that the judgment of the trial court must be affirmed, and the cause remanded with directions to the District Court to enter judgment in favor of the plaintiff (appellee) and against the defendants (appellants) and the sureties on their supersedeas bond, and

It is so ordered.

MABRY, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.