**COOP et al. v. WILLIAMSON et al.**

No. 10699.

United States Court of Appeals
Sixth Circuit.

Feb. 7, 1949.

W. Wright Mitchell and John S. Porter, both of Memphis, Tenn. (Robert M. Nelson, W. Wright Mitchell and Don G. Owens, Jr., and John S. Porter, all of Memphis, Tenn., on the brief), for appellant.

John D. Martin, Jr., of Memphis, Tenn. (John D. Martin, Jr., and S. Shepherd Tate, both of Memphis, Tenn., on the brief), for appellees.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment of the District Court entered on a jury verdict in a personal injury action.

On December 18, 1946, the appellees, husband and wife, were struck and injured in Collierville, Tennessee, by a truck owned by appellant, driven by a high school student, Carl Hart, to whom appellant's son, Bryan Coop, had loaned the truck. The appellees, when struck, were preparing to enter their automobile parked in the center parking area on the main street of Collierville.

The appellees alleged, and the jury found, that the truck had defective brakes, and that this condition caused the accident. At the time of the accident the appellant lived on a farm some three miles from Collierville. He was engaged in dairying and farming, and he owned a Chevrolet car and a 1941 Chevrolet truck. The car was used

for business and pleasure, and the truck was generally used for farm purposes. On the day of the accident appellant and his wife were compelled to take their six-year-old child to Memphis because of threatened appendicitis. They drove in the car, leaving the truck at the farm.

Bryan Coop was then a senior at Collierville High School. He used the truck generally in connection with matters pertaining to the farm, and while he did not use it to attend school, the appellant stated frankly that he would not object to his taking the truck to school, and that he trusted Bryan as to when he could use it. On the day before the accident the high school coach requested that one of the students bring a truck to school the next day to go out and get a Christmas tree for the school celebration. While Bryan forgot to ask his father's express permission to use the truck, he took it to school, went with a number of boys to Mississippi, and got the Christmas tree. After the return to school Bryan Coop went into class, and while there another student came and stated to Bryan that the school coach wanted the keys to the truck in order to send to town for nails to make a platform for the tree. Bryan gave the keys, and the school coach delivered them to Carl Hart to drive to Collierville for the nails. Hart was an experienced driver. He had just started back toward the schoolhouse with the nails when the accident occurred at the square.

An extensive description of the physical situation is unnecessary, for the case turns upon one question only, namely, the liability of appellant for defective brakes on the truck. The court submitted the question of contributory negligence of the appellees to the jury in a careful and adequate charge, and the jury returned a verdict in their favor. It also found in favor of co-defendant, Carl Hart, thus determining that he was not guilty of negligence in driving the truck. The verdict as returned was against J. A. Coop, appellant, and also against Bryan Coop; but only J. A. Coop appealed.

Hart's testimony as to the accident is in the main supported by that of the appellees. He says in substance that when he first saw Mrs. Williamson she was one-fourth of the way out in the street, going into the parking area, and some 21 feet from him; that he stepped on the brake pedal hard, and that if the brakes had been "in the right order" he could have stopped before he hit her. Mrs. Williamson was crushed against the side of a parked automobile, and seriously injured. Her husband was also injured, but not seriously.

The record shows that immediately after the accident the brake pedal, when pressed, went "completely to the floor." The Tennessee highway patrolman who tested the brakes said that there was "no brake pressure at all," and a mechanic testified that such a defective condition was caused by a lack of fluid and leaky master cylinder or brakes out of adjustment.

The principal contention of appellant is that he is not liable upon the ground that Hart, who drove the truck at the time of the accident, was driving without appellant's knowledge or permission and was not performing any of appellant's business. Appellant also contends (1) that since he was a gratuitous bailor, he is not liable for damages resulting from a defect in the automobile of which the bailee, his son Bryan Coop, had full knowledge; and (2) that the act of Bryan Coop in giving possession and control of the truck to Hart without notifying him of the defective brake is the sole proximate cause of the accident.

■ This case is governed by the law of Tennessee, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and it turns upon the application of the statutes of Tennessee with reference to brake equipment required upon motor vehicles. The pertinent statute is § 2695 of Williams' Tennessee Code of 1934, which in its material portions reads as follows:

"B. (a) Brakes. Brake equipment required.

"1. Every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two (2) separate means of applying the brakes, each of

which means shall be effective to apply the brakes to at least two (2) wheels. * * *

"(b) Performance ability of brakes.

"1. The service brakes upon any motor vehicle or combination of vehicle shall be adequate to stop such vehicle or vehicles when travelling twenty (20) miles per hour within a distance of thirty (30) feet when upon dry asphalt or concrete pavement surface free from loose material where the grade does not exceed 1 per cent.

\* \* \* \* \* \*

"5. All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicles."

■ The leading Tennessee c a s e which construes this section is Vaughn v. Millington Motor Co., 160 Tenn. 197, 22 S.W.2d 226, 227. In this case the Supreme Court of Tennessee pointed out that under bailment contracts ordinarily it is the bailee who is responsible to third persons for negligent use of the subject of bailment by himself or his servants. The court then declares:

"While the contractual obligation of the bailor is limited to the bailee and those in privity with him, the law imposes an attendant obligation upon the bailor not to knowingly put forth an instrumentality for general use that is calculated to injure third persons. Whether liability for an omission of duty in such situations would extend to persons not contemplated by the contract of bailment depends upon the existence of privity, only in the sense of a relation creating an obligation. Garland v. Boston & M. R. Co., 46 L.R.A.,N.S. 338, note, as between the injured person and the bailor whose omission of duty caused the injury. Roddy v. Missouri Pacific R. Co., 12 L.R.A. 746.

"The obligation to avoid injury from the use of dangerous instrumentalities is imposed on all who own, control or use them and inures to the benefit of all who may sustain injury. While automobiles and motor trucks are not *per se* dangerous instrumentalities, they may become so when used at places and in a manner calculated to do injury. Hence the rule that one who lets an automobile or motor truck for use in public owes the duty of exercising ordinary care to avoid putting forth a machine with defects calculated to injure persons who come in contact with it."

■ The jury found that the statute had been violated, and this violation, under the familiar rule which obtains in Tennessee, constitutes negligence per se. Inter-City Trucking Co. v. Daniels, 181 Tenn. 126, 178 S.W.2d 756; Wise & Co. v. Morgan, 101 Tenn. 272, 48 S.W. 971, 44 L.R.A. 548.

■ Since the violation of the statute is established, the decision in the Vaughn case, supra, which is controlling here, rules squarely against the appellant upon the major questions raised. The Supreme Court of Tennessee there held that the liability depends not upon agency or bailment, but arises from the obligation which the law imposes upon every man to refrain from acts of omission or commission which he may reasonably expect would result in injury to third persons. There the owner of the truck having defective brakes knowingly rented it to one Sigler. An employee of Sigler, with knowledge of the defective brakes, drove it against and injured the plaintiff. The owner and bailor of the truck was held liable.

It follows that the fact that the appellant here gave no express permission to Hart to use the truck is immaterial. The statute was enacted to protect the public, and this includes those injured by persons not the agents of the owner.

Since the liability arises out of a statutory duty owed to the public, the fact that the bailment between appellant and his son was gratuitous is likewise immaterial. While the relationship between the owner and the bailee of the truck is defined in the contract of bailment, the obligation resting on the owner toward members of the public and the injured person, for the purposes of this case, is created by statute. Whether the automobile is rented for hire or is simply loaned as an accommodation, under the doctrine of the Vaughn case, supra, the owner rests under an obligation not to send it out for use equipped with defective brakes.

316

The question of proximate cause urged by the appellant is also without merit. Under Tennessee decisions the proximate cause of an injury is a question for the jury. Moody v. Gulf Refining Co., 142 Tenn. 280, 218 S.W. 817, 8 A.L.R. 1243. The appellant could have foreseen an accident of a like general character arising from his neglect of the brakes. It was within the reasonable range of the risk, Spivey v. St. Thomas Hospital, Tenn.App., 211 S.W.2d 450, certiorari denied by the Supreme Court of Tennessee, March 5, 1948, and the jury's finding upon this point is supported by substantial evidence.

That the bailee, Bryan Coop, knew of the defect, is likewise immaterial under the Vaughn case, supra. There the driver of the truck also was apprised of the defect. Cf. Dierks Lumber & Coal Co. v. Mabry, 8 Cir., 128 F.2d 1005.

The judgment of the District Court is affirmed.