292 P.2d 325
Charles A. BRADLEY, Plaintiff-Appellant,
v.
Sidney JOHNSON, Defendant-Appellee.
No. 5946.

Supreme Court of New Mexico.
Dec. 20, 1955.

Rehearing Denied Feb. 1, 1956.

Leslie D. Ringer, Santa Fe, for appellant.

Beutler & Brandenburg, Taos, for appellee.

McGHEE, Justice.

The plaintiff, Bradley, brought suit against the defendants, Johnson, Edwin Lee Howell and D. H. Howell for personal injuries suffered in a collision between a

pickup truck which plaintiff was driving in a southerly direction on a public highway south of Taos, New Mexico, on what is known as Pilar Hill, and a home-made trailer attached to a motor vehicle being driven by D. H. Howell in a northerly direction on said hill.

The cause was tried to a jury. A verdict was instructed for Edwin Lee Howell, and the plaintiff Bradley, appellant here, has not appealed from the order of dismissal as to such defendant. The jury found for the plaintiff against D. H. Howell and Johnson and judgment was entered against them for $7,735.90, which covered personal injuries, medical and hospital bills. The trial court granted a motion by defendant Johnson for judgment notwithstanding the verdict and entered judgment in his behalf, from which judgment plaintiff appeals. The defendant D. H. Howell has not appealed from the judgment rendered against him.

Johnson was the owner of the second-hand, home-made trailer and had loaned it to his father-in-law, D. H. Howell, some months before the collision. At the time of the collision D. H. Howell was using the trailer to haul his household goods from Espanola to Taos, with the knowledge and consent of Johnson.

Bradley testified that as he was meeting the Howell vehicle the trailer came loose therefrom and collided with his pickup, causing his vehicle to go out of control which resulted in his injuries. The defendants asserted the accident was caused by the pickup running into the trailer. These issues were submitted to the jury which by its verdict necessarily upheld the claim of Bradley.

Bradley offered considerable testimony to show the welding on the trailer was defective and that it was of such poor quality as to be observed on view, while the defendants offered testimony of a qualified welder that it was a good welding job, and, if defective, such latter fact could only be determined by a skilled welder. The defendant Johnson testified he closely inspected the trailer before purchasing or trading for it, that he knew a good weld when he saw it and that the welding on the trailer was a good job. Pictures of the trailer and the breaks in the welding were made a few days after the accident and these were introduced in evidence and used by the welding experts who testified. By agreement of the parties the jurors were allowed to inspect the trailer and its broken parts at the time of the trial which was some fifteen months after the accident.

There is no controversy as to the ownership of the trailer, that it was loaned to D. H. Howell with knowledge that it would be used on the highway for hauling household goods on the trip when the accident occurred. The verdict of the jury settled the question as to whether the ac-

cident was caused by the trailer breaking loose from the towing vehicle because of faulty welding, thus leaving for determination here only the correctness of the action of the trail court in holding the evidence insufficient to establish Johnson either knew or by the exercise of due care should have known of the defective welding.

The instruction of the trial court on the subject of negligence of Johnson was number 7a, which, excluding subparagraph (b) thereof pertaining to Edwin Lee Howell and not here material, reads as follows:

"(7a) If you find that the two-wheeled trailer involved in this accident was, prior to this accident, in a condition unfit for use on the public highways, and;

"(a) If you find, further, that the Defendant, Sidney Johnson owned the trailer, and furnished it to others, knowing that it was to be used on the public highways; and when he knew, or by the exercise of reasonable care, should have known of its defective condition, and when he knew it to be unlikely that the defective condition would be repaired before use; then Defendant Sidney Johnson is guilty of negligence herein.

\*　　\*　　\*　　\*　　\*　　\*

"If you find that either or both of the Defendants were negligent in accordance with the above portion of this instruction, you must further find that said negligence, if any, was the proximate cause of the collision between the trailer and the Plaintiff's vehicle, and that the Plaintiff, himself, was free of any contributory negligence before you can find either or both of said Defendants liable for the damages herein."

The parties here cite and quote considerable law on the subject covered by the instruction, but it all adds up to what the trial court stated in instruction 7a and we accept it.

We held in Michelson v. House, 1950, 54 N.M. 197, 218 P.2d 861, and McMullen v. Ursuline Order of Sisters, 1952, 56 N.M. 570, 246 P.2d 1052, that on a motion for judgment notwithstanding the verdict it was the duty of the trial court to accept as true the facts which support the verdict. The evidence clearly preponderates in favor of the plaintiff on the issues of the defective welding, of whether the trailer broke loose from the towing vehicle, and of its collision with the pickup the plaintiff was driving and causing his injuries, leaving for the consideration of the trial court in passing upon the motion the question of whether the defects were visible on inspection, or, rather whether Johnson knew or in the exercise of due care should have known of the defects. There is no contention that Johnson expected the trailer to be repaired before being used by Howell.

**456**

Here we have a case where the jurors inspected the broken trailer, and we cannot disregard this fact in determining the sufficiency of the evidence to sustain the verdict. Lucero v. Harshey, 1946, 50 N.M. 1, 165 P.2d 587. See also Owsley v. Hamner, 1951, 36 Cal.2d 710, 227 P.2d 263, 24 A.L.R.2d 112, and Ng v. Warren, 1947, 79 Cal.App.2d 54, 179 P.2d 41. There was a great deal of testimony in the case as to what the physical condition of the trailer showed and, no doubt, the jurors considered what they saw when they viewed the draw-bar and trailer together.

We cannot agree with the statement of the trial judge that the verdict against Johnson was returned only by indulging in inference upon inference and speculation. On the contrary, we believe the verdict is supported by substantial evidence and the judgment in favor of Johnson must be reversed.

The judgment in favor of Johnson is reversed and the cause remanded to the lower court with instructions to set such judgment aside and render one against Johnson in accordance with the verdict, in addition to the costs incurred by Bradley.

It is so ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

KIKER, J., not participating.