362 P.2d 519

Julius FERRAN, Plaintiff-Appellant,

v.

Porfirio JACQUEZ, Defendant-Appellee.

No. 6690.

Supreme Court of New Mexico.

June 7, 1961.

Bigbee & Stephenson, Matias Zamora, Sante Fe, for appellant.

Leslie D. Ringer, Sante Fe, Chacon & Melendez, Espanola, for appellee.

PER CURIAM.

Upon consideration of motion for rehearing, the original opinion heretofore filed is withdrawn and the following is substituted therefor:

MOISE, Justice.

On February 15, 1958, Julius Ferran, hereinafter referred to as appellant, was involved in a collision with a car owned by Porfirio Jacquez, hereinafter referred to as appellee, which at the time of the accident was being driven by one Elias H. Arellano to whom the car had been loaned by Antolino Jacquez, son of appellee. The car had in turn been loaned to Antolino Jacquez by appellee.

The only issues presented for review are those arising out of the court's action in directing a verdict in favor of appellee, the owner of the car, at the close of plaintiff-appellant's case, and in denying him permission to reopen his case to present evidence that appellee had failed to reasonably inspect the vehicle so as to determine the defective condition of the brakes, and also to prove that appellee knew that the car was to be used on the public highways.

In order to dispose of the case it is not necessary to consider the circumstances of the accident in any detail. The jury returned a verdict in favor of the appellant and against Arellano, the driver of the car. No appeal was taken from the judgment entered pursuant thereto.

It appears from the proof offered by appellant that appellee had loaned the car to his son, Antolino, either the day of the accident or the day before. That evening Antolino loaned the car to Arellano, and shortly thereafter the accident occurred wherein the appellant was injured and his car damaged. Neither appellee nor Antolino were present at the time of the accident.

Appellant asserts that appellee is liable to him for damages in the following language, being paragraph 4A, added to his complaint by amendment at the time of trial.

"* * * The defendant, Porfirio Jacquez, was negligent or grossly negligent in permitting or allowing said automobile to be traveled and operated upon a public highway in violation of Section 64-20-41, New Mexico Statutes Annotated, 1953 Compilation, when the said defendant, Porfirio Jacquez, knew or should have known that at or prior to the transaction herein complained of, his automobile was equipped with defective brakes, which

said negligence or gross negligence was a proximate cause of the injuries and damages here complained of."

Appellant presented evidence as to how the accident happened, and it was his theory that the brakes on appellee's car were defective and that this was the cause of the car suddenly swerving to the left into appellant's lane of travel and thereby causing the collision and injuries. No evidence was presented that appellee knew or should have known of any defective condition of the brakes except that it was shown that the car did not carry any New Mexico brake and light certificate of inspection and approval as required by §§ 64–21–1 to 64–21–8, inc., N.M.S.A.1953.

At the close of appellant's case in chief, a motion was made by appellee that the cause of action be dismissed as to him because " * * * in the amendment allowed plaintiff the only allegation is the defective brakes, so unless plaintiff has proof that the car had defective brakes and that Porfirio Jacquez knew it, and permitted the use of the vehicle on the highway with such defective brakes, or should have known of it, * * * there is no cause of action proved." That the court agreed is evident from the fact the motion was sustained, the court stating, " * * * the plaintiff has failed to show by any evidence, any knowledge on the part of the defendant, Porfirio Jacquez, that the car had defective brakes or that the car would be operated on a public highway with defective brakes, it being the court's feelings that the evidence introduced that the said car was not equipped with a brake and light sticker is insufficient to show any knowledge on the part of the defendant, Porfirio Jacquez, as to the defective condition of the automobile, and the court further feels that no inference as to the knowledge or in the exercise of ordinary care that he could have obtained that knowledge by the mere fact that the vehicle did not have a brake and light sticker."

It would appear that both appellant and appellee, as well as the court, were of the opinion that the case of Bradley v. Johnson, 60 N.M. 453, 292 P.2d 325, controlled. In that case the owner of a trailer who had loaned it to another, was held liable to a person injured on the highway when a weld holding the trailer to its tow car broke, the liability being based upon proof that the owner knew or in the exercise of due care should have known of the defective weld.

We quote the following from appellant's brief in chief:

"* * * notwithstanding certain of the allegations contained in the amendment allowed, we sincerely question the Court's ruling that it was necessary to show affirmatively that the

appellee knew or should have known of the condition of the brakes. It is our belief that with due regard being given the pertinent provisions of Sections 64–20–41 and 64–20–1, N.M.S.A. 1953 Compilation, the mere showing of the defectiveness of the brakes at the time of the accident and that such defectiveness was the proximate cause of the accident, establishes negligence per se upon the part of the appellee or at the very least prima facie evidence of negligence."

citing Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407, and Haire v. Brooks, 42 N.M. 634, 83 P.2d 980.

Although under long standing principles of appellate practice this court has refused to consider theories differing from those on which the case was tried and now advanced for the first time on appeal, Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315; Horton v. Atchison, T. & S. F. Ry. Co., 34 N.M. 594, 288 P. 1065, where appellee does not question the right of appellant to change his theory and position, and where it appears that a wrong principle of law was applied below, we are constrained to consider the appeal on its merits rather than to refuse to do so because of a technicality in pleading or practice.

The negligence here alleged was the allowing of an automobile to be operated on the public highway in violation of § 64–20–41, N.M.S.A.1953 Comp. This section sets up the minimum standard required for brakes on a car used on the highway. § 64–20–1, N.M.S.A.1953 Comp., makes it a misdemeanor for the *owner* of a vehicle to permit the same to be driven upon the highway without brakes in "proper condition and adjustment as required in * * *" § 64–20–41. Thus it is clear that the duty of maintaining the brakes in proper condition is placed upon the owner. It is also clear that if the brakes do not meet the standard set by the statute, and such failure is not excused, the owner is guilty of negligence in permitting the automobile on the highway in such condition. Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671; Silva v. Waldie, 42 N.M. 514, 82 P.2d 282; Prosser on Torts (2d Ed.) § 34; 2 Harper & James, The Law of Torts, § 17.6; see cases cited in 46 A.L.R.2d 404, 425. Although the proof concerning the defective condition of the brakes and that any such defect proximately contributed to the accident is not too persuasive, we are convinced that there was enough evidence to justify submitting to the jury the question of whether or not the brakes were defective and if found to be defective, then whether or not driving the car with the defective equipment was a proximate cause of the accident.

■ It was not incumbent to show that appellee knew or should have known of the defective condition. Rather this would be presumed in the first instance, and the appellee would have the burden of proving lack of knowledge as a reasonable man as a defense which would relieve him of the responsibility placed upon him by the statute.

The situation is parallel to that which was present in Frei v. Brownlee, supra. The difference between the instant case and Bradley v. Johnson, supra, is that here by virtue of the statute a prima facie showing of negligence is made against appellee as owner of the car by evidence from which the jury might conclude that § 64–20–41, N.M.S.A.1953, had been violated, and appellee would have the burden of excusing the violation or establishing freedom from negligence by proving his lack of knowledge of the defective condition as a reasonable man. Coop v. Williamson, 6 Cir., 173 F.2d 313; 46 A.L.R.2d 404. In Bradley v. Johnson, supra, to establish prima facie negligence the court accepted the rule to be that it was necessary to show evidence of knowledge of the owner or that as a reasonable man he should have had knowledge. No statute placing responsibility on the owner was there involved.

■ We are fully aware that there was no direct evidence of appellee's knowledge of any defect in the brakes. However, where an accident occurs shortly after the owner has parted with possession of an automobile, and there is evidence to support a finding that the brakes were defective at the time of the accident, there is sufficient basis for submitting to the jury the question of whether or not the condition existed at the time the owner parted with possession so as to make him responsible therefor. Benton v. Sloss, 38 Cal.2d 399, 240 P.2d 575; McNeal v. Greenberg, 40 Cal.2d 740, 255 P.2d 810.

■ This is particularly true in a case such as the present one where the proof was sufficient to support a prima facie finding of negligence on the part of appellee by virtue of his ownership of the car and violation of the statute. We recognize the rule that ordinarily proof of the existence of a fact at a given time does not raise any presumption of its prior existence, Slone-Carter Grain Co. v. Jones, 56 N.M. 712, 248 P.2d 1065. However, this rule is not universally applied as witness the language of Justice Oliver Wendell Holmes in the 1896 case of Laplante v. Warren Cotton Mills, 165 Mass. 487, 43 N.E. 294, 295, where he said, "It is said that presumptions do not run backward. But that depends on the case." The rule has been given retrospective application in Slovick v. James I. Barnes Construction Co., 142 Cal. App.2d 618, 298 P.2d 923; and Dube v.

Bickford, 92 N.H. 362, 31 A.2d 64; 2 Wigmore on Evidence (3rd Ed.) 413, § 437. Compare Citizens Finance Co. v. Cole, 47 N.M. 73, 134 P.2d 550; Hepp v. Quickel Auto & Supply Co., 37 N.M. 525, 25 P.2d 197.

In addition, on the question of knowledge the jury could take into consideration the proof that the car carried no current brake and light inspection certificate as required by § 64-21-1 et seq.

Similarly, we are not impressed that there was any failure of proof of knowledge that the car was going to be used on the highway. Rather, it would be our view that such use would be presumed unless as a matter of defense it was shown affirmatively that some different use was contemplated.

In view of our ruling on Point I there is no need for us to discuss appellant's second point.

The cause is reversed and remanded with instructions to reinstate the cause on the docket and to grant appellant a new trial, permitting such amendments as he may be advised to make, and proceeding in a manner not inconsistent herewith.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and NOBLE, JJ., not participating.