**LAW AND EQUITY COURT OF THE CITY OF RICHMOND**

Jay Harris, an infant, etc.

v.

Jane Duane, an infant,
and Harley Duane

December 29, 1971

**By JUDGE A. CHRISTIAN COMPTON**

The court has concluded that it erred in sustaining the motion to strike the plaintiff's evidence made by the defendant Harley Duane. Enclosed you will find a copy of the order entered today returning this case to the trial docket as to the plaintiff's claim against the said defendant. The verdict in favor of the defendant Jane Duane will remain undisturbed, and it is the tentative feeling of the court that no judgment should be entered at this time on that verdict but that judgment thereon should be withheld and entered at the same time the claim against the defendant Harley Duane is finally disposed of. I shall be glad to discuss this feature of the case further with counsel if either of you feel that judgment should be entered now on the verdict.

A detailed recital of the facts is not necessary. From the portion of the testimony which has been transcribed and from the court's own notes made during the trial, it is sufficient to state that the plaintiff's evidence and all reasonable inferences flowing therefrom showed that the vehicle operated by the plaintiff at the time of this accident had defective brakes and that such defective condition was known or should have been known to the defendant Harley Duane, the owner thereof. The owner of the vehicle had allowed his daughter to use it on the day in question, and during the course of the events preceding the accident, she allowed the plaintiff, who

had been a guest in the vehicle, to take over the operation of the vehicle a short time before the accident occurred wherein the vehicle collided with a bridge in Bryan Park in this City. Plaintiff claimed that the collision resulted when he was unable to control the vehicle after its brakes failed.

The plaintiff's main emphasis in his post-trial motion is upon the court s erroneous action in sustaining the owner's motion to strike the plaintiff's evidence. The issue presented to the court at this time is whether or not there is sufficient evidence to take the case against the owner to the jury when such owner allows his vehicle, which he knows or should know has defective brakes, to be operated by his daughter, who in turn allows a guest passenger to operate the vehicle, and the passenger while so operating is injured as the result of the defective condition aforesaid.

The legal relationship, of course, between the owner and daughter here is one of a gratuitous bailment. The applicable rule is well stated in the annotation entitled "Bailor--Liability for Injury" in 46 A.L.R.2d 404 at page 427 as follows:

> Although the bailment of an automotive machine or vehicle may be gratuitous, the courts all appear to agree that the bailor is not without obligation to those persons who may foreseeably be caused injury by the vehicle if it is permitted to be used in a defective condition. The affirmative duty of the lender of an automotive vehicle or machine is not an absolute duty to guarantee it as free from defects or even to inspect the vehicle for hidden defects. At the same time, the bailment, even though gratuitous, does not entitle the bailor to close his eyes to known defects. Having knowledge of a defective condition existent upon delivery of the vehicle which is likely to cause injury or death to the bailee or third persons when the automotive vehicle or machine is operated in such defective condition, the bailor is at least bound to communicate information of such defects or weaknesses to the persons exposed to the danger,

and if he does not do so, and if the danger was not known or was not obvious to such persons, he is apparently liable to the bailee or third persons injured or killed because of such defects or weaknesses.

See also 8 Am. Jur. 2d, *Automobiles and Highway Traffic*, section 664, page 217.

The rule is stated with a different emphasis in Blashfield, Automobile Law and Practice (Third Edition), section 254.29 at pages 389 and 390 as follows:

Generally an automobile owner who intrusts his vehicle to another with the knowledge that it is to be operated on a public highway must use ordinary care to see that the vehicle is in a reasonably safe condition for the contemplated use. So, where a motor vehicle, which is in such a state of repair as to be a dangerous instrumentality, is permitted by the owner to be used by another the owner may be liable for injuries caused in its operation by the latter, as where an automobile is equipped with defective brakes or steering gear.

In addition to the aforesaid common law duty of the bailor to a bailee or other person injured because of the defective condition of the bailed vehicle, in Virginia y statute the braking system of the vehicle must meet certain standards and failure to maintain such standards may result in liability on the part of the bailor. 46 A.L.R.2d 409, ftn. 10. Code § 46.1-277 provides "[e]very motor vehicle when operated upon a highway shall be equipped with brakes adequate to control the movements of and to stop and hold such vehicle, and such brakes shall be maintained in good working order." Code Section 46.1-56(d) authorizes the Commissioner of Motor Vehicles to refuse to grant an application for the registration of a motor vehicle when the vehicle is not equipped with "proper brakes . . . adequate to insure the safe control of the vehicle."

The case of *Coop v. Williamson*, 173 F.2d 313 (6th Cir. 1949), applying Tennessee law under similar facts

is very much in point. In that case, the owner of a truck had loaned it to his son, who in turn had granted permission to a schoolmate, one Hart, to operate the truck. While Hart was operating the vehicle, it was caused to collide with the two plaintiffs, who were pedestrians. The plaintiffs alleged in their claim against the owner of the truck that the accident was caused by the defective condition of the brakes on the vehicle. The principal contention of the owner was that he was not liable upon the ground that Hart was driving without his knowledge or permission and was not performing any of the owner's business. He also contended that since he was a gratuitous bailor, he was not liable for damages resulting from a defect in the vehicle of which the bailee, his son, had full knowledge, and that the son's action in giving possession and control of the truck to Hart without notifying him of the defective brakes was the sole proximate cause of the accident. In affirming the action of the District Court, which entered judgment on a jury verdict in favor of the plaintiff against the owner, the Sixth Circuit applied Tennessee law as follows:

> While automobiles and motor trucks are not *per se* dangerous instrumentalities, they may become so when used at places and in a manner calculated to do injury. Hence the rule that one who lets an automobile or motor truck for use in public owes the duty of exercising ordinary care to avoid putting forth a machine with defects calculated to injure persons who come in contact with it. 173 F.2d at page 315.

Tennessee had a statute which is very similar to our Code § 46.1-277, *supra*. The court in *Coop* pointed out that the liability of the owner arose from the obligation which the law imposes upon every person to refrain from acts of omission or commission which he may reasonably expect would result in injury to third persons. In that case, as here, the owner argued that he should not be liable because he gave no express permission to the operator of the vehicle at the time of the accident to use it. This fact was held to be immaterial since the statute relating to the condition of the brakes was enacted to

protect the public and, it was said, "this includes those injured by persons not the agents of the owner." Moreover, it was said that since the liability arises out of a statutory duty owed to the public, the fact that the bailment between the owner and his son was gratuitous was likewise immaterial. "While the relationship between the owner and the bailee of the truck is defined in the contract of bailment, the obligation resting on the owner toward members of the public and the injured person, for the purposes of this case, is created by statute. Whether the automobile is rented for hire or is simply loaned as an accommodation. . . the owner rests under an obligation not to send it out for use equipped with defective brakes." 173 F.2d 315.

The Supreme Court of New Mexico under similar facts held that a jury issue was presented as to the liability of the owner. In *Ferran v. Jacquez*, 362 P.2d 519 (N.M. 1961), the plaintiff suffered personal injuries and property damage when the car which he owned collided with one driven by one Arellano, to whom the car had been loaned by the son of the owner. New Mexico had a statute similar to the Virginia statute relating to the maintenance of brakes upon motor vehicles, and the court in that case stated that "it is clear that the duty of maintaining the brakes in proper condition is placed upon the owner. It is also clear that if the brakes do not meet the standard set forth by the statute and such failure is not excused, the owner is guilty of negligence in permitting the automobile on the highway in such condition." 362 P.2d 521.

The defendant relies upon *Wellman v. Novak*, 392 P.2d 377 (Okla. 1964), and other cases with similar facts. While this court followed that line of authority in sustaining the defendant's motion to strike the evidence, it is apparent that such authority is not controlling under these facts. Those cases involve business vehicles where either unknown to the employerowner or against its specific orders the vehicle with defective brakes was being used outside the scope of the business of the owner at which time third persons were injured. As pointed out in *Novak* at page 379 of the Pacific Reporter, "[t]his is not a case of bailor and bailee, or a case *where the car is being legitimately used by the driver.*" (Emphasis

added) In the case at bar, the possession of the motor vehicle was taken by the daughter with the knowledge and consent of the owner.

The case of *Clark* v. *Parker*, 161 Va. 480 (1933), relied upon by the defendant, is not in point. In that case applying North Carolina law, the owner was present in the vehicle, and it was decided upon the basis that the owner did not reasonably believe that the motor vehicle was in a defective condition so as to require him to give to the injured driver notice of a claimed defect.

So much for the proposition that in Virginia an owner of a motor vehicle who knows or should know that the brakes thereon are defective but allows it to be operated upon the highway subjects himself to liability if such defective condition causes injury to a third person, *even though* the vehicle is being operated by another with the consent of the owner's permitee but without the owner's knowledge.

But that does not give the full and complete answer to the problem at hand. The plaintiff here was a guest even though he was driving. *Mayer* v. *Puryear*, 115 F.2d 675 (4th Cir. 1940). See also *Leonard* v. *Helms*, 269 F.2d 48, 49 (4th Cir. 1959) affirming *Helms* v. *Leonard*, 170 F. Supp. 143, 147, 148 (W.D. Va. 1954). The question then arises as to the degree of negligence which would result in liability upon the owner to the plaintiff guest. Must the plaintiff prove simple or gross negligence?

It could be argued that since the plaintiff was the daughter's guest, he was not a "person transported by the owner . . . as a guest without payment," in the words of the statute (Code § 8-646.1) and, therefore, the owner's liability is not limited by the guest statute and he is liable to the plaintiff for simple negligence as discussed, *supra*. This view that the owner is protected for ordinary negligence arising only out of the *operation* of the vehicle but not for *non-operational* negligence of the owner has been rejected by the greater number of the courts which have considered the question. *See Hardwick* v. *Bublitz*, 111 N.W.2d 309 (Iowa 1961). *Cf. Bisoni* v. *Carlson*, 237 P.2d 404 (Kan. 1951). No Virginia case has been found on this point.

The better reasoned view and the one this court believes would be followed by the Supreme Court of Virginia

is that the protection of the guest statute is extended to the owner which, of course, means that the plaintiff here must prove gross negligence to recover against the defendant Harley Duane. The basis of this view is the apparent legislative intent to remove ordinary negligence as a basis for recovery in *all* guest cases. Our guest statute is, of course, a legislative codification of the rule of *Boggs* v. *Plybon*, 157 Va. 30 (1931). The basis of the holding therein as set forth in the opinion by Mr. Justice Holt is that "justice requires that to make out liability in case of a gratuitous undertaking, the plaintiff ought to prove a materially greater degree of negligence than he has to prove where the defendant is to be paid for doing the same thing." 157 Va. 38, 39.

It is true that most of the cases found which discuss this subject deal with the entrustment of the vehicle by the owner to an unskilled, unlicensed, incompetent or reckless operator (see Anno. 91 A.L.R.2d 323); nevertheless, it has been said that "[p]rotection, rightly or wrongly granted these parties (owners and operators) in guest cases by the legislature's clear directive, cannot be removed by fine distinctions as to how the owner may be found negligent, whether by negligent entrustment, negligent maintenance of the vehicle, imputed negligence, or by some other violation not involved in the actual use of the vehicle (i.e., non-operational negligence). In all cases where the guest is the injured party liability is reduced and no recovery against the owner or operator can be obtained under an allegation of mere negligence against either or both." 111 N.W.2d 317 (Emphasis added.)

Under the facts presented at the trial wherein the evidence showed, *inter alia*, that the owner knew that it was necessary to "hit" the brakes once, at which time the pedal would "go pretty close" to the floor, and "then hit it again about halfway" in order to stop the vehicle, the court holds that a jury question was presented as to whether the owner was guilty of gross negligence. It was for the jury to say under all the facts whether such conduct of the owner in allowing this vehicle to be operated in such a defective condition meets the definition of gross negligence. *Ferguson* v. *Ferguson*, 212 Va. 86, 92 (1971). See also 8 Am. Jur. 2d, *Automobiles and Highway Traffic*, § 519; Anno. 170 A.L.R. 628.

Finally, the owner asserts that his liability is derivative and the same as the liability of his daughter, who has been found free of liability to the plaintiff either because of the plaintiff's own acts or because she was free from gross negligence; and, therefore, the issue of the owner's liability is moot.

This position is not well taken. The owner's liability, if any, is not derivative but separate and independent of that of the daughter. His legal duty arises by virtue of his obligation as owner of a vehicle with defective brakes to the public at large. To such persons, including the plaintiff herein, he owed the duty to maintain the vehicle in a reasonably safe condition, as discussed, *supra*. A finding of gross negligence upon the daughter under the instructions of the court must have been predicated upon her action in allowing the plaintiff to take charge of a motor vehicle which she knew, or should have known, to be in a defective condition. See Instruction No. 14. While admittedly the distinction is a narrow one, the daughter's liability was based on her act of omission while the owner's liability, which the jury has not had an opportunity to consider, is based on his act of commission in sending out onto the public street a defective vehicle.

Of course, we do not know whether the jury found in favor of the daughter upon the basis that the plaintiff was contributorily negligent or assumed the risk of injury or whether their finding was based on the lack of proof of gross negligence of the daughter. In any event, the jury has not considered the issue of the owner's liability.

In view of what has been said above, the court concludes that the jury should have been allowed to pass upon the following questions relating to the owner's liability: whether or not the brakes on the vehicle were in fact defective prior to the accident; whether or not the owner knew or should have known of any such defect; whether, if any such defect was known or should have been known to the owner, did such defective condition proximately cause the accident; whether the owner was guilty of gross negligence under the circumstances; and whether the plaintiff's own actions should bar a recovery against the owner.

The verdict of the jury in favor of Jane Duane remains

370

undisturbed and the plaintiff is granted a new trial as to the defendant Harley Duane upon all issues.