FLOYD HILL, Respondent, v. MURLYN B. EDINGER, Appellant.— Defendant-appellant has appealed from a judgment entered in favor of plaintiff-respondent after a trial by jury in Supreme Court, Madison County, and from an order denying his motion to set the verdict aside and for a new trial. The action was brought to recover the balance on the purchase price of a farm in the town of Cazenovia, Madison County. The defense was that defendant agreed to assist one Cummings in the purchase of the farm by obtaining for the latter a credit for the required down payment and that, having done so, he had fulfilled his obligation. The respective versions of the nature of the oral agreement, as well as matters pertaining to the time and place of meetings of the parties and of the persons there present, were in sharp conflict. The jury had the right to reject defendant's version and accept that of plaintiff. Defendant contends that the jury was improperly influenced, to his prejudice,

because of the several efforts of plaintiff's attorney to elicit testimony from defendant and from his own witness Cummings, having to do with a suggested transaction between the latter and the defendant involving other real property of Cummings. The court sustained defendant's objections to the questions, clearly stating the reasons for his rulings and admonishing plaintiff's attorney. Defendant did not then assert prejudice, nor did he request the court then or in the charge to instruct the jury to disregard the questions. It is also asserted that the court improperly coerced the jury to the end that their verdict was not their true judgment by limiting the time in which they should return a verdict or be discharged. In the evening of the second day of the trial, the jury having been out for about six hours and not having arrived at a verdict, the court suggested to the jurors that they take an additional fifteen or twenty minutes to see if they could reach a verdict and that, if they could not, they were to return and he would discharge them. This did not constitute coercion and left the jury free to agree or disagree. We cannot say that these matters prejudiced defendant. Judgment and order unanimously affirmed, with costs to the respondent. Present — Foster, P. J., Brewster, Bergan, Halpern and Imrie, JJ.