MATILDA WHEELER, Respondent, *v.* ALBERT RABINE, Appellant.

Third Department, February 20, 1962.

*McPhillips, Fitzgerald & Meyer* (*Gerald P. McPhillips* and *Martin A. Meyer* of counsel), for appellant.

*Salvatore J. Leombruno* for respondent.

REYNOLDS, J. On the morning of June 10, 1960 appellant while attempting to park his 1951 Cadillac behind a car owned by one Ashton Burt, was unable to stop and struck the rear of this parked vehicle. Respondent seated in the Burt car received personal injuries. Appellant testified that as he was endeavoring

to park his car his foot brake failed and that although he applied the emergency brake he could not stop before striking the rear of the Burt car. Testimony was adduced showing that an examination of appellant's car immediately after the accident revealed that the cause of the brake failure was a hole in the brake line which allowed the brake fluid to escape.

Appellant contends that while he was under a duty to operate his vehicle on public streets with adequate brakes (Vehicle and Traffic Law, § 375, subd. 1), the evidence indicates that he had no knowledge nor should he have known of the defective brakes (*Joyce* v. *Brockett,* 205 App. Div. 770, affd. 237 N. Y. 561; *Schaeffer* v. *Caldwell,* 273 App. Div. 263) and thus the jury's finding of negligence is against the weight of the evidence. Appellant introduced evidence that his brakes had been inspected in August, 1959 pursuant to the inspection required by section 301 of the Vehicle and Traffic Law, that at no time prior to the accident had he had any difficulty with his brakes and that the defective brake line would have defied detection if the car had been inspected in accordance with the inspection requirements of section 301. No other check of the braking system was shown. While, as the Trial Judge correctly charged, appellant is not an insurer of the safe condition of his brakes, unless the evidence as a matter of law establishes the exercise of reasonable care, the determination as to the reasonableness of appellant's conduct is properly within the province of the jury (*Alongi* v. *Beuter,* 286 App. Div. 990). Considering that appellant's car was 10 years old and had travelled 90,000 miles, and that the cursory inspection performed some 10 months prior to the accident, in connection with section 301 of the Vehicle and Traffic Law, consisted merely of applying pressure to the brake pedal to see if it would depress more than half way to the floor board, we feel that the trial court was correct herein in submitting the question of whether appellant's care in respect to his brakes was reasonable under the circumstances and the inspection proper, timely or thorough.

There was a further jury question concerning the brakes. There is testimony that the hand brake was in good working order. The court properly charged the so-called emergency rule in connection with appellant's conduct. It was for the jury to say, with this instruction in mind, whether or not this hand brake was timely or properly applied or whether appellant's conduct in this respect constituted negligence under all the circumstances disclosed in this record.

Appellant further contends that the trial court improperly forced the jury to agree. At approximately 4:00 P.M. the jury

began deliberation. At 9:00 P.M. the jury returned and the forelady stated that the jury could not reach agreement. The court then asked if there was an testimony that was not fresh in the jury's mind or anything in the charge that was not clear. At this point another juror stated that he agreed that appellant's car contacted the car in which respondent was a passenger but that he did not think appellant was negligent. The court then stated: " Well that's all right, but is there anything about the evidence or the charge that is complicated. There is nothing complicated about this case. It is strictly a question of fact, and a great deal of time has been spent on this case as you know and effort by everybody concerned. Some expense has been gone through and while, of course, I don't mean to intimate that because of that that you have to change your opinion, but you have got to be reasonable about it, and you have got to listen to the opinion of your fellow jurors and try to arrive at a decision here. You just can't say we can't agree. This is a simple lawsuit here. There is nothing complicated about this case, and I am going to ask you to reconsider it and go back and see if you can't reach a verdict." After the jury retired for further deliberations, appellant excepted to this instruction on the grounds that it was in effect forcing the jury to agree. Eighteen minutes later the jury returned with an unanimous verdict for respondent. We do not find that the instruction of the Trial Judge forced the jury to agree. It was proper for the court to send the jury back to see if they could agree. This is especially so when it is considered that of the approximately five hours between the time the jury first retired and its return at 9:00 P.M. two hours had been spent at dinner. The Court of Appeals in *People* v. *Randall* (9 N Y 2d 413, 425–426) states:

" The jury, after considerable deliberation, could not agree upon a verdict. They were called back to the courtroom, and the court in an impartial manner, requested that they try for another half hour to reach a verdict. Shortly thereafter, the verdict of guilty was returned. Defendant attacks the procedure employed by the trial court, and argues that the court coerced the guilty verdict. We have held that ' The importance of having a jury agree may properly be urged upon their attention ', and ' They may properly be warned against stubbornness and self-assertion ' (*People* v. *Faber*, 199 N. Y. 256, 260–261). That language precisely describes what was done here by the trial court and the procedure employed was in no sense a ' coercion ' and has been approved by the courts of this State (*People* v. *Campanaro*, 223 App. Div. 248, 253, affd. 249 N. Y. 545; *Hill* v. *Edinger*, 281 App. Div. 1052).

"In *Hill* v. *Edinger* (*supra*) the jury had been out for some six hours, in a civil case, and could reach no agreement. The court thereupon suggested that they take an additional 15 or 20 minutes to see if they could reach a verdict, and if they could not, he would discharge them. Shortly thereafter, a verdict for plaintiff was returned. On appeal, the defendant argued that the court coerced the jury by placing a time limit on their deliberations. The appellate court rejected the argument, and stated (281 App. Div., p. 1053): 'This did not constitute coercion and left the jury free to agree or disagree. We cannot say that these matters prejudiced defendant.' Here, also, the jury was free to convict, acquit, or disagree. All that was requested was one final effort to reach a verdict, and to overcome personal traits of stubbornness or self-assertion. No harm was done and no error was committed."

It is appellant's position that since the instructions of the court directly followed the statement of the juror who said he did not think appellant was negligent, it was not impartial and in effect compelled those who did not believe appellant negligent to change their vote. Appellant urges that the return of the jury with a verdict for respondent only 18 minutes later supports this contention. We cannot agree. If the instruction in question had not been made just subsequent to the juror's statement there would be no question as to its propriety (*People* v. *Randall, supra*; *Hill* v. *Edinger*, 281 App. Div. 1052). On reading the entire instruction we do not construe it to be directed at the juror who stated he did not think appellant negligent; instead we believe that it was given to the entire jury and specifically in reply to the forelady's statement that the jury could not agree. In our view it did not constitute reversible error.

The judgment should be affirmed, with costs to respondent.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Judgment affirmed, with costs to respondent.