### (June 27, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEY, Appellant.— The judgment of conviction, although warranted by the evidence, must be reversed since we are constrained to find coercive the trial court's remarks and instructions to the jury when it reported a failure to agree upon a verdict. The jurors commenced their deliberations at 11:00 A.M., continued them after going out for lunch and at 5:40 P.M. reported that they could not agree. The trial court then, quite properly, instructed them that it was their

"duty to agree upon a verdict, if that can be done without a violation of your conscientious convictions." The jury again retired, later went out for dinner and returned to the jury room. At 11:15 P.M., the jurors returned to the courtroom, apparently after reporting their continued failure to agree, and the trial court addressed them as follows: "Ladies and gentlemen, it is not my desire to try to force the jurors to a verdict, but I have been on this bench for 12 years and we have never had a hung jury, and for at least 8 years before that there has never been a hung jury in this county. It may be because of conscientious convictions you people are not able to agree, but I am not yet prepared to say this is a hung jury. I have not decided yet as to whether I will hold the jury overnight. But in any event, I am going to let you deliberate a while longer, while I make up my mind about making arrangements for you at a hotel for overnight. We spent four days on this trial and there has never been a hung jury in 20 years. I think under the circumstances it is your duty to try to come to a sensible deliberation to see if you can reach a verdict." Pursuant to request, certain testimony was read, following which the trial court said: "Is that the phase of it? * * * As I say, I am not going to commit myself at this time as to what disposition I will make for the balance of the night, but I would ask you to make one more attempt here before we have to determine whether to hold the jury overnight or what we propose to do. See if you can make one more attempt to reach a verdict in the next 15 or 20 minutes." Thereupon, at 12:00 P.M. (midnight) the jury again retired and at 12:30 A.M. returned with a verdict of guilty. It is not error to urge upon a jury the importance of reaching an agreement (*People v. Randall,* 9 N Y 2d 413, 425) or to suggest that a jury endeavor for an additional 15 or 20 minutes to reach an agreement (*Hill* v. *Edinger,* 281 App. Div. 1052, 1053, cited in *People* v. *Randall, supra,* pp. 425–426), although in the case cited the trial court said that it would *discharge* the jurors at the end of that time, not, as in the case before us, that they might be held overnight should they fail to agree. Neither is this the case of an instruction inferring that the minority might well yield to the view of the majority (*Acunto* v. *Equitable Life Assur. Soc.,* 270 App. Div. 386). Nevertheless, in context and cumulatively, the instructions quoted seem to us coercive in several respects, and so prejudicial as to require reversal despite defendant's failure to except (Code Crim. Pro., § 542). The reference, on two occasions, to the 20-year period during which there had never been a "hung jury" might well be taken to urge a kind of conformity, much as conformity was urged in *Acunto,* and even to suggest that should this become the first jury in 20 years to remain deadlocked, its members, or some of them, would be lacking in intelligence or perhaps in perception or in performance of duty (cf. *Cook* v. *Los Angeles Ry. Corp.,* 13 Cal. 2d 591; *Decker* v. *Schumacher,* 312 Mich. 6). Even if pressure of this nature should not, standing alone, be considered prejudicial error, the instructions certainly became such when the trial court not only directed that deliberations continue (obviously in the light of the 20-year precedent), but, near midnight and without any earlier warning to the jurors or their families, twice suggested that if they could not agree "in the next 15 or 20 minutes", they might be held overnight in a hotel (cf. *People* v. *Lorenz,* 16 A D 2d 135, 137; *Cook* v. *Los Angeles Ry. Corp.,* 13 Cal. 2d 591, *supra; Mead* v. *City of Richland Center,* 237 Wis. 537). The effect may, as in *Acunto* (*supra*), "reasonably be inferred from the fact that although unable to agree up to that time, they thereafter returned a verdict in a matter of a few minutes" (p. 387). Since, for the reasons stated, reversal is required in any event, we do not pass upon appellant's additional assignments of error, the more important of which, incidentally, would not ordinarily recur on a retrial. Neither

do we find any reason to reduce the sentence. The inexcusable and unconscionable delay in furnishing the stenographer's minutes, in utter disregard of the statute (Code Crim. Pro., § 456), merits severe condemnation but does not afford a legal basis for dismissal of the indictment. Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.