180 So.2d 434 (1965)
Laura Ann DORE, Plaintiff and Appellee,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant and Appellant.
No. 1500.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
Rehearing Denied November 17, 1965.
*435 Pugh & Boudreaux, by Charles Boudreaux, Lafayette, for defendant-appellant.
Simon, Trice & Mouton, by Phil Trice, Lafayette, for plaintiff-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile accident. A jury awarded plaintiff the policy limits of $5,000. Defendant appealed. Plaintiff answered the appeal contending it is frivolous and that under the federal and state constitutions the jury verdict, being based entirely on findings of fact, cannot be changed by this appellate court.
The argument that this court does not have the right to review findings of fact by a jury was considered in Fontenot v. Marquette Casualty Company, 161 So.2d 467 (La.App., 3rd Cir. 1963). For the reasons expressed there, this argument has no merit.
The facts show that Theogene J. Romero loaned his old 1949 pickup truck to his fiance, Laura Ann Dore, to drive to the Erath Hospital where she worked. She was returning home at about 11:30 p.m., driving 35 or 40 miles an hour, when she was blinded by the lights of an approaching car. She pulled to the right and her right wheels went onto the graveled shoulder. Then she applied her brakes and skidded about 10 feet in the gravel. According to her testimony, the brakes then failed and she went another 15 or 20 feet where she struck a tree and received the injuries complained of.
Miss Dore sues Romero's liability insurer on the theory that he knew, or should have known, the brakes were defective and failed to warn her.
Before discussing the facts as to any negligence on the part of Romero, we would like to review the applicable law. Although there are many Louisiana cases dealing with the duty of a bailor for hire, there are very few involving gratuitous bailments (also sometimes referred to as "bailments for the exclusive benefit of the bailee") such as the one in the present case. It is well established in our jurisprudence that a bailor for hire warrants the fitness of the article bailed for the purpose intended and that he must make a reasonable inspection to determine this fitness and must *436 advise the bailee of any defects of which he has actual knowledge or of which he should know by virtue of the reasonable inspection required of a bailor for hire. Lyons v. Jahncke Service, Inc., 125 So.2d 619 (La.App., 1st Cir. 1960); 8 Am.Jur.2d 1039-1041, Verbo Bailments, Sections 143-144; 8 C.J.S. Verbo Bailments § 25, p. 380 et seq.; Annotation, 46 A.L.R.2d 404, at 443, Section 13.
However, the law is not nearly so well settled as to the duty of a gratuitous bailor. The general rule in most jurisdictions is that where a bailment is purely gratuitous and for the exclusive benefit of a bailee, the bailor's only duty in respect to defects is to inform the bailee of any defects of which he has actual knowledge and which might make the use of the vehicle hazardous. 8 Am.Jur.2d 1043, Verbo Bailments, Section 148; 8 C.J.S. Verbo Bailments § 25 b, p. 386; Annotation, 46 A.L.R.2d 427, Section 10. The only Louisiana cases, which have been cited by counsel or which we have found, dealing with gratuitous bailments solely for the benefit of the bailee, have followed this general rule.
Bailey v. Simon, 199 So. 185 (Orleans App.1940) involved a claim by a third party against a gratuitous bailor who allegedly loaned his car to a reckless driver. The decision was on an exception of no cause of action. The court held that the gratuitous bailor was liable only if he knew the driver was incompetent and that it was not sufficient to allege the bailor should have known of the driver's reputation for recklessness.
Fontenot v. Fontenot, 150 So. 40 (La.App. 1st Cir. 1933) involved a gratuitous bailment, where it was alleged that the bailor knew the accelerator had been sticking and failed to warn the bailee. The appellate court reversed on the facts, holding the evidence did not support a finding that the accelerator actually stuck and caused the accident.
In Sears v. Interurban Transport Company, 14 La.App. 343, 125 So.2d 748 (2nd Cir. 1930), the gratuitous bailor knew the steering gear was defective, in that when turned too far it went out of control. The bailor's failure to warn the bailee of this defect, which caused the accident, was held to be negligence. Thus the holding here goes no further than the general rule stated above, that the gratuitous bailor is liable only for dangerous defects of which he had actual knowledge and failed to warn the bailee. No Louisiana case has as yet extended this general rule.
As is indicated by the annotation in 46 A.L.R.2d 430-433, Section 10(b), a few states have made extensions or modifications of the general rule that the gratuitous bailor may be held liable only for dangerous defects actually known and not communicated to the bailee. A few cases cited and discussed there hold gratuitous bailors liable also for defects of which they should have known in the exercise of reasonable care. This is termed "constructive knowledge". However, we note that almost without exception these cases involved automobile or equipment dealers who had loaned vehicles to customers or prospective purchasers. Such bailments, although gratuitous, in the sense that no consideration was paid, are for the mutual benefit of both the bailor and the bailee, rather than for the exclusive benefit of the bailee. And even these cases, which have applied the constructive knowledge test, hold the gratuitous bailor is not liable for latent defects or those which would require a close or knowledgeable inspection to reveal.
Even if we were to extend the general rule in Louisiana to include defects of which the gratuitous bailor should have known through reasonable care, a legal conclusion which we do not hold in the present case, the plaintiff would not prevail. The facts clearly do not show that the defect in Romero's brakes was one which the ordinary private automobile *437 owner should have known, by using the car, or by the unknowledgeable inspection which the ordinary automobile owner makes of the vehicle he drives.
With this discussion of the law in mind, let us examine the facts. Romero had purchased this used 1949 Chevrolet pickup truck as an additional vehicle to one he already owned. At some time before the accident Romero discovered the brakes were "low" and he observed the master cylinder of the brake system was leaking. He asked a mechanic, Eugene C. Suire, with whom Romero had at one time worked as a roughneck in the oilfield, to pick up the truck and repair the master cylinder. Suire did this work and then drove the truck to test it. He returned the truck to Romero and told him that the brakes were repaired and operating properly.
After these repairs were made Romero drove the truck 2 or 3 times, back and forth from his farm to Erath, a distance of about 7 miles, and the brakes continued to operate properly. Romero testified he thought the brakes were all right and he knew of no defects in them when he loaned the truck to Miss Dore. However, after the accident one of the wheel cylinders of the brake system was found to have failed and this probably caused the accident.
Under the facts it is clear that Romero did not have actual knowledge of any defects in the brakes. Furthermore, even if we were to apply the test of constructive knowledge, the defect was not one of which the ordinary reasonable owner of a private automobile should have known, through ordinary use or such an unknowledgeable inspection as the ordinary reasonable private vehicle owner makes of his automobile. To have discovered this defect, which was latent, would have required a mechanic's expert knowledge of the brake system and would actually have required that the brake cylinders be taken apart.
A further argument made by plaintiff is that Romero was negligent in telling Suire to fix only the master cylinder, instead of instructing him to perform whatever repairs were necessary on the brakes. We think Romero did what any ordinary reasonable automobile owner would have done under similar circumstances. He knew his brakes were low and he noticed the master cylinder was leaking, so he asked the mechanic to repair the cylinder. After repairing the cylinder the mechanic test drove the vehicle and advised Romero the brakes were working properly. Romero then drove the vehicle on several occasions during the next 2 or 3 weeks and the brakes continued to operate properly. He was reasonable in his belief that the brakes were repaired and free of dangerous defects.
Plaintiff also makes the contention that Suire was not a competent merchanic, that he was a "shade tree" mechanic and Romero knew or should have known this. The evidence does not support this contention. Suire had worked as a mechanic in automobile repair shops periodically for several years. He had owned his own shop at one time for a period of about a year. Suire testified he had repaired many brake systems. Additionally, Suire drove vehicles as a member of the National Guard and gained some experience with repair work in this manner. The evidence simply does not show that Suire was incompetent or that Romero had any reason to think so.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Hartford Accident & Indemnity Company, and against the plaintiff, Laura Ann Dore, rejecting plaintiff's demands at *438 her cost. All costs of this appeal are assessed against the plaintiff appellee.
Reversed and rendered.
FRUGE, J., dissents.
FRUGE, Judge (dissents with written reasons, thus):
Though not unmindful of the duties of a gratuitous bailor, I refuse to be bound by these antiquated limitations which has here been allowed to deprive an injured party from recovery.
The record contains the testimony of R. J. Arceneaux, who was accepted by both parties to this action as an expert in the field of automobile mechanics. His testimony was to the effect that by having only the master cylinder and line repaired on this 13-year-old dilapidated truck, it was only a matter of time or sudden forceful application before the brakes would fail again.
This truck, with brakes liable to fail if and when a sudden emergency arose, was a potential time bomb in the hands of an innocent third party.
Romero testified he instructed his mechanic to repair only the master cylinder and line in order not to spend too much money on this old truck. I cannot agree with my brothers of the majority that this was the action of a reasonable man having the brake system on a 13-year-old truck repaired.
The law of negligence must keep abreast with our everchanging knowledgeable society. The standard of care required of an automobile owner in having his vehicle safely maintained so that it is not potentially dangerous should meet today's standard and not the standards of the "Model T" era.
For the foregoing reasons I am of the opinion that the trial court's judgment should not be disturbed, and accordingly respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
Tate, J., dissents and assigns written reasons.
Fruge, J., dissents for reasons in original dissenting opinion.

On Application for Rehearing.
TATE, Judge (dissenting from denial).
For the reasons so eloquently stated by my brother FRUGE in his dissent, I respectfully disagree with my brethren of the majority in their denial of the plaintiff-appellee's application for rehearing.
The majority accepts as true that the accident was caused because the brakes of the car failed. Nevertheless, it holds basically that an innocent party injured by reason of the car's faulty brakes has no cause of action against the vehicle's owner unless either the owner actually knew of the defect prior to the accident or should have known of the defect (meaning, unless such can be proved by admissions from him or by evidence as to pre-accident circumstances mostly within his own knowledge only).
One who lends a car to another warrants by implication that the vehicle is safe for use. It does not seem to me that the owner's obligation in this regard should be discharged simply by his post-accident denial of knowledge of sufficient facts to hold him to this warranty or his post-accident failure to testify concerning them.
Unless I am mistaken, this is the first Louisiana decision squarely holding that the owner of a vehicle is not liable for injuries to another admittedly caused by defects in his vehicle. The few Louisiana cases involving bailor situations, gratuitous or otherwise, are noted by the majority and in the Lyons decision cited by it, see 125 So.2d 619, 658; in none of them, was a person injured by a defective vehicle denied *439 recovery. Likewise, when a vehicle's driver or owner claims that the accident was unavoidable because of some defect previously unknown to him, the proof required of him has been so strict as to allow recovery in instances where an injured party has been injured because of a loss of control claimed as due to the alleged defect. See Breaux v. Valin, La. App. 3 Cir., 138 So.2d 405, and cases therein cited.
We are thus not required by the Louisiana jurisprudence to virtually exempt an owner of a car from liability to others injured through a defective condition of his car because of a requirement that the injured person prove the owner's actual knowledge of the defect prior to the accident.
Under our Louisiana Highway Regulatory Act, LSA-R.S. 32:1 et seq., vehicle brakes are required to have a specified stopping ability, LSA-R.S. 32:342, and, 32:343 provides: "All brakes and component parts thereof shall be maintained in good condition and in good working order. * * *"
The present owner violated this mandatory statutory duty. I see no reason to exculpate him from liability to others for injuries resulting from the owner's violation of his mandatory duty to maintain good brakes in the 13-year-old pickup truck involved. Whether the right of recovery should be grounded upon a strict liability tort theory (cf., Cintrone v. Hertz Truck Leasing, etc., 45 N.J. 434, 212 A.2d 769, 1965), or upon a presumption that the owner knew of his defective brakes arising out of his statutory duty not to operate his automobile without proper brakes (see Ferran v. Jacquez, 68 N.M. 367, 362 P.2d 519, 1961), or instead upon strict liability arising out of the breach of the owner's implied warranty to furnish a safe vehicle suitable for road use, need not be ascertained now.
One who turns a defective automobile loose to do damage to others can usually avoid the harm through regular maintenance and regular garage inspection of his vehicle; if not, usually he should reasonably anticipate that in the course of continued operation of his vehicle a defective condition may occur (in the present case, a 13-year-old pickup truck was involved) which might cause harm to others. The loss of the resulting accident should fall upon the defective vehicle's owner, who chooses to maintain the vehicle for continued operation upon the highways, rather than upon some innocent bystander who could not possibly avoid the hazard or upon some borrower who is entitled to rely upon the owner's implied warranty of the vehicle's safeness for use.
Moreover, the owner can protect himself against liability to others damaged by his defective vehicle by securing the usual insurance covering operation, maintenance, and use of the defective automobile; but the innocent bystander or the casual borrower cannot reasonably insure himself against the hazard of being injured by a defective vehicle belonging to another. The duty of paying for, or securing insurance protection to pay for, loss occasioned by a defective vehicle should fall upon that vehicle's owner, not upon an innocent person injured because of the vehicle.
Feeling that the majority denies recovery to an innocent party injured by a defective vehicle by applying an unwise and outmoded rule of other jurisdictions not required by Louisiana law, the writer respectfully dissents from the denial of rehearing.