■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD HARDY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered June 30, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant argues that the trial court coerced the jury into reaching a verdict. After approximately seven hours of deliberation, without a verdict, the jury foreman reported that he believed the jury would remain unable to reach a decision. The trial court then gave the jury a so-called "*Allen*" charge, urging the importance of the jury reaching a verdict. Such a charge is proper provided it does not urge that (1) a dissenting juror abandon his own conviction and join in the opinion of other jurors, (2) attempt to coerce or compel the jury to agree upon a particular verdict (*People v Faber,* 199 NY 256), or (3) shame the jury into reaching a verdict (*People v Josey,* 19 AD2d 660; *see, People v Randall,* 9 NY2d 413; *People v Sharff,* 45 AD2d 666, *affd* 38 NY2d 751; 1 Charges to Jury Crim Case § 2.38 [rev ed]; 1 CJI 42.60, at 1019). The charge at bar was free of these errors. Moreover, "[i]t is well established that the determination of how long a disagreeing jury will be kept together and required to continue their deliberation is a matter of sound judicial discretion which, in the absence of abuse, will not be disturbed" (*People v Presley,* 22 AD2d 151, 154, *affd* 16 NY2d 738).

We have considered defendant's other contentions and find them to be without merit. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.