◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ADAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered November 1, 1983, convicting him of resisting arrest under the fourth count of the indictment, upon a jury verdict, and imposing sentence, and a judgment of the same court, rendered March 14, 1984, convicting him of attempted burglary in the second degree under the first count of the indictment, upon his plea of guilty, and imposing sentence.

Judgments affirmed.

The defendant contends that the Trial Judge coerced the jury into reaching its verdict on one count of the four-count indictment which was submitted to it. The jury could not reach a unanimous verdict on the other three counts. On the second day of the jury's deliberations, the jury sent several notes to the Trial Judge which indicated that they were deadlocked. After each note the Trial Judge gave supplemental instructions, or so-called *Allen* charges *(see, Allen v United States,* 164 US 492), the contents of which the defendant concedes were proper. Late on the evening of this second day of deliberations the jurors reached their verdict. The defendant contends that the length of time the Trial Judge kept the disagreeing jury together coerced them into reaching their verdict. However, the determination of how long to keep together a disagreeing jury is a matter of sound judicial discretion which, in the absence of abuse, will not be disturbed *(see, People v Hardy,* 109 AD2d 802; *People v Presley,* 22 AD2d 151, *affd* 16 NY2d 738). The trial court did not abuse its discretion in keeping the jury together the length of time that it did. We note that the time spent in actual deliberations did not exceed 13 hours. The defendant's coercion argument is also belied by the fact that the jury reached a verdict on only one of the four counts of the indictment, but could not agree on the other three counts. The defendant subsequently pleaded guilty to attempted burglary in the second degree in satisfaction of the remaining counts of the indictment. We

have reviewed the defendant's other contentions and find them to be without merit. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.