■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL GOMEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered August 9, 1985, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was being observed by a police officer through a pair of binoculars, met two individuals under an elevated portion of the Brooklyn Queens Expressway and had a conversation. The police officer then observed the defendant hand over "at least one tinfoil packet" to one of the individuals who was later identified as Carlos Caro. The police backup team to whom these observations had been relayed by radio arrested Caro approximately two blocks away and found two tinfoil packets of cocaine. The defendant was also arrested, and eight tinfoil packets of cocaine were found in his possession. From these facts, the jury could clearly infer that the defendant possessed the cocaine with intent to sell.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim of repugnancy was not preserved for appellate review because he failed to object to the verdict prior to the discharge of the jury *(People v Alfaro,* 66 NY2d 985; *People v Kramer,* 123 AD2d 786, *lv denied* 69 NY2d 713). In any event, the verdict was not repugnant. A determination of whether a verdict is repugnant is to be made solely upon the basis of a review of the trial court's charge *(see, People v Green,* 71 NY2d 1006; *People v Hampton,* 61 NY2d 963). The trial court charged the jury that counts one through three of the indictment related to the two tinfoil packets found on Carlos Caro, while counts four and five involved the eight tinfoil packets found on the defendant. In view of the division of the charges in the indictment into two groupings, the defendant's acquittal on count two (criminal possession of a controlled substance in the third degree) is not inconsistent with his conviction on count four, which was also criminal possession of a controlled substance in the third degree, but concerned possession of different drugs.

We further find that the supplemental *Allen* charges *(see, Allen v United States,* 164 US 492) given by the court were proper. "The importance of having a jury agree may be properly urged upon the attention of its members" *(People v Sharff,* 38 NY2d 751, 753). An *Allen* charge is proper provided "it does not urge that (1) a dissenting juror abandon his own conviction and join in the opinion of other jurors, (2) attempt to coerce or compel the jury to agree upon a particular verdict * * * or (3) shame the jury into reaching a verdict" *(People v Hardy,* 109 AD2d 802). We do not find any such impropriety in the supplemental charges in this case.

Finally, the defendant's remaining contention with regard to permitting the People to reopen their direct case is without merit. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.