■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL AUSTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered August 18, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt was not proven beyond a reasonable doubt and that the verdict was against the weight of the evidence because of inconsistencies between the testimony of the two prosecution witnesses. The defendant further contends that since both prosecution eyewitnesses were individuals of unsavory character, they were not worthy of belief by the jury.

Neither the minor inconsistencies in the testimony of these witnesses nor their criminal histories, rendered their accounts of the murder incredible as a matter of law. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Since the defendant did not object to the court's instructions to the jury concerning the reconciliation of the inconsistencies in the prosecution witnesses's testimony, his present claim of error is unpreserved for appellate review.

In addition, contrary to defendant's contention, the court's charge repeatedly and accurately conveyed to the jury the concept of reasonable doubt *(see, People v Blackshear,* 112 AD2d 1044).

The defendant also argues that the so-called *"Allen"* instructions given to the jury coerced them into returning a verdict after they had twice reported a deadlock. Such instructions are proper provided they do not (1) urge that a dissenting juror abandon his or her own conviction and join in the

opinion of other jurors, (2) attempt to coerce or compel the jury to agree upon a particular verdict, or (3) shame the jury into reaching a verdict *(see, People v Hardy,* 109 AD2d 802). In the instant case, the instructions to the jury were free of these errors.

The sentence imposed was not excessive *(see, People v Lucas,* 105 AD2d 545, 548, *cert denied* 474 US 911; *People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and have found them to be either unpreserved for appellate review or without merit *(see, People v Mullen,* 44 NY2d 1, 4). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.