■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLY BASTIEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered June 13, 1990, convicting him of unauthorized use of a vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the Trial Judge failed to instruct the jury adequately that a person who operates a motor vehicle without the consent of the owner is presumed to know that he does not have such consent (see, Penal Law § 165.05 [1]). We disagree. The court's instructions closely followed the New York Criminal Jury Instructions (see, 2 CJI[NY] PL 165.05 [1], at 971-975), and were thorough and not misleading (see, People v Rivers, 140 AD2d 897, 898). The Supreme Court

correctly told the jury that the presumption was permissible and that "the fact that you may draw such inference does not shift to the defendant any burden of proof whatsoever" *(see, People v Simmons,* 32 NY2d 250).

The defendant also asserts that the charge unfairly focused solely upon the proof adduced by the prosecution. This contention is not preserved for appellate review since no objection was made to the charge on this ground *(see,* CPL 470.05 [2]; *People v McDonald,* 144 AD2d 701, 702). In any event, the court's failure to refer to the defendant's evidence was not error. The trial was short, there were few witnesses, and the defendant's position was made clear to the jury during defense counsel's summation *(see, People v McDonald, supra,* at 702). The court was not required to explain all of the parties' contentions or discuss all of the alleged inconsistencies in the evidence *(see, People v Saunders,* 64 NY2d 665; *People v McDonald, supra,* at 702).

The defendant argues that the so-called *"Allen"* instructions *(see, Allen v United States,* 164 US 492) coerced the jurors into returning a verdict after they had twice reported a deadlock. *Allen* instructions are proper provided they do not (1) urge that a dissenting juror abandon his or her own conviction and join in the opinion of other jurors, (2) attempt to coerce or compel the jurors to agree upon a particular verdict, or (3) shame the jurors into reaching a verdict *(see, People v Austin,* 168 AD2d 502, 502-503; *People v Gomez,* 149 AD2d 432, 433; *People v Hardy,* 109 AD2d 802). In the instant case, the instructions to the jury were free of these errors. Finally, it is well established that the determination as to how long disagreeing jurors will be kept together and required to continue their deliberations is a matter of sound judicial discretion which, if not improvidently exercised, will not be disturbed *(see, People v Adams,* 123 AD2d 355; *People v Hardy, supra,* at 802). Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.