■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered June 20, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of

those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

In or about July 1988, the defendant was arrested and charged with the murder of his girlfriend Eva Sawyer. Ms. Sawyer's body had been discovered by the police on the evening of May 25, 1988, on the floor of her apartment located at 826 Crown Street, in Brooklyn, New York. She had been brutally beaten and stabbed to death.

On the next afternoon, May 26, 1988, two detectives investigating the murder interviewed the defendant about his relationship with the victim. The defendant had come to the police station voluntarily and was not a suspect when the interview began. He told the detectives that he and the victim had been lovers for several months. According to him, the relationship was one-sided in the sense that Ms. Sawyer wanted them to marry, while he wanted to break it off. He stated that he had last seen Ms. Sawyer on Sunday, May 22nd, three days before her body was discovered, and he claimed he was with another woman at the time of the murder.

During the interview, one of the detectives noticed a spot on one of the defendant's sneakers. Suspecting that the spot was a bloodstain, the detective asked the defendant if he could inspect the sneaker. The defendant handed over the sneaker stating that the stain was mud from a newly-planted tree. After inspecting the sneaker, the detective was convinced the stain was blood. He placed the sneaker on a file cabinet and left the interview room to consult with his superiors about seizing the sneakers. Upon his return to the interview room, the detective noticed that the defendant had already put the sneaker back on his foot. The defendant then immediately requested permission to use the bathroom. Concerned that the defendant would try to remove the stain, the detective refused to allow him to use the bathroom until after he surrendered the sneakers.

Soon thereafter, the defendant was allowed to use the telephone and an attorney arrived at the precinct demanding that the police return the sneakers. The police refused and the defendant left the station house with his attorney. The police then sent the sneakers to a laboratory for analysis which revealed that the stains were in fact blood matching the victim's type. As part of his omnibus motion, the defendant sought suppression of the sneakers and testimony con-

cerning the laboratory results. The hearing court denied suppression *(People v Thomas,* 144 Misc 2d 760).

The defendant contends, among other things, that the court erred in denying suppression because the People conceded, at the pretrial hearing, that the police did not have probable cause to arrest the defendant at the time when they seized the sneakers. We disagree.

The visual observation of the bloodstained sneakers did not constitute an intrusion into a constitutionally protected area *(cf., People v Dunn,* 77 NY2d 19). However, because a warrant was not obtained for the seizure, the police had to satisfy two requirements in order to justify the action taken. First, the police had to have reasonable cause to believe the blood-stained sneakers constituted evidence, or tended to demonstrate that an offense had been committed, or, that a particular person participated in the commission of an offense (CPL 690.10 [4]; *see, Payton v New York,* 445 US 573, 587; *Warden v Hayden,* 387 US 294, 307). Second, there had to have been an exigent circumstance of sufficient magnitude to justify immediate seizure without resort to a warrant *(see, People v Clements,* 37 NY2d 675).

We agree with the hearing court's determination that both of these requirements were met. Under the circumstances of this case, the police were clearly justified in concluding that the bloodstained sneakers constituted incriminating evidence that would aid in the apprehension and conviction of the perpetrator of a crime, and further, that given any opportunity, the defendant would likely attempt to wash off the stains *(see, State v Badger,* 141 Vt 430, 450 A2d 336, 345-346). The threatened destruction of incriminating evidence is recognized as an exigent circumstance justifying warrantless intrusions or seizures in circumstances such as these *(see, Cupp v Murphy,* 412 US 291; *People v Anderson,* 127 AD2d 774, 775). In this case, the seizure was focused on a specific target and the intrusion was therefore minimal. Detaining the defendant in order to obtain a search warrant would have been far more intrusive to him and dangerous to the evidence *(see, People v Clements,* 37 NY2d 675, *supra).* There was no need for the People to establish probable cause for the defendant's arrest at the time the police seized the sneakers. A seizure of property need not be incident to an arrest, where, as here, there is an independent basis for the police to believe that it constitutes evidence that will assist in the prosecution of a crime *(Warden v Hayden, supra;* CPL 690.10 [4]). Accordingly,

the hearing court properly denied suppression of the sneakers and the expert testimony concerning the bloodstains.

We conclude further that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the in-court identification testimony of Yvette Walker. Ms. Walker testified at the pretrial *Wade* hearing concerning her observations of the defendant on the fire escape outside of the victim's apartment in the early morning hours of May 25, 1988. The court concluded that Ms. Walker's initial identification of the defendant from a single photograph shown to her by the police was suggestive, but that there was a sufficient independent source for her to give identification testimony in court. Ms. Walker's testimony concerning her opportunity to observe the defendant on the fire escape, the lighting conditions, her description of him, and her statement that she recognized him from having seen him on prior occasions in the neighborhood was sufficient to satisfy the People's burden of establishing the existence of an independent source *(see, People v Chipp,* 75 NY2d 327, 335).

The defendant's contentions concerning the trial court's alleged failure to marshal the evidence fairly, and its allegedly inadequate charge on circumstantial evidence, are unpreserved for appellate review since no objection was made to the charge on these grounds (CPL 470.05 [2]; *People v Ladson,* 66 NY2d 428; *People v Bastien,* 180 AD2d 691, 692). In any event, the charge as given did not deprive the defendant of a fair trial *(see, People v Gonzalez,* 54 NY2d 729; *People v Bastien, supra).*

We have considered the defendant's remaining contentions, including his claim that the sentence he received is excessive, and find them to be without merit *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur. *[See,* 144 Misc 2d 760.]