■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DACUS, Appellant. [627 NYS2d 58] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered September 8, 1992, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from a 1977 incident in which the defendant shot at his former employers, fatally injuring one of them, after he was fired from his job for refusing to follow an instruction. The defendant evaded apprehension for 14 years before he was located, arrested, and brought to trial.

After hearing the opening statements and the testimony of the first witness, one of the jurors informed the court that, in the past, she had received threats from an employee whom she had fired. The court did not improvidently exercise its discretion by declining to dismiss the juror as grossly unqualified to serve *(see,* CPL 270.35). A juror is grossly unqualified " 'only "when it becomes obvious that [the] particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" ' " *(People v Rodriguez,* 71 NY2d 214,

219, quoting *People v Buford,* 69 NY2d 290, 298). In response to the inquiries of both the court and counsel, the juror in question repeatedly stated that she could separate her own emotions and experience from the facts and the evidence in this case.

The trial court did not improvidently exercise its discretion by declining to declare a mistrial after it had received several notes from the jury indicating that it was deadlocked *(see,* CPL 310.60; *People v Presley,* 22 AD2d 151, *affd* 16 NY2d 738; *People v Bastien,* 180 AD2d 691, 692; *People v Adams,* 123 AD2d 355). Moreover, the court's supplemental instructions to the jury, including the *Allen* charge *(see, Allen v United States,* 164 US 492), were neutral and not coercive *(see, People v Perdomo,* 204 AD2d 358; *People v Fleury,* 177 AD2d 504, 505).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80, 83). Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.