■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY THOMAS, Appellant. [641 NYS2d 48] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Miller, J.), dated August 8, 1994, which denied, without a hearing, his motion to vacate a judgment of conviction rendered June 20, 1989, which was affirmed by decision and order of this Court dated December 14, 1992 (*People v Thomas*, 188 AD2d 569).

Ordered that the order is affirmed.

The defendant was convicted of murder in the second degree based upon proof that he had beaten and stabbed his girlfriend

to death in her apartment located at 826 Crown Street in Brooklyn. A witness, who had seen the defendant in the neighborhood on prior occasions, testified that she had again seen the defendant on a fire escape outside the victim's apartment building shortly before the homicide. This testimonial evidence, critical blood evidence linking the defendant to the murder, and proof of the defendant's attempt to construct a false alibi constituted the principal basis upon which the defendant was convicted after a trial. His judgment of conviction was affirmed on direct appeal (see, People v Thomas, supra).

The defendant argues that the proof which he adduced in connection with his motion to vacate the judgment of conviction (see, CPL 440.10) established conclusively that the witness noted above could not have seen the "rear" fire escape of the victim's building from the vantage point that she had described during the trial testimony. Also, the defendant asserts that the proof submitted with his post-judgment motion established conclusively that the only fire escape which was in fact visible to the witness did not provide access to the victim's apartment. Based on this premise, the defendant argues that the prosecutor committed "official misconduct" in failing "to correct false testimony".

The People respond by asserting, among other things, that whether the fire escape which was in fact visible to their key witness was adjacent to the "rear" or rather to the "side" of the victim's building is a matter of semantics. The People also assert that this witness, at trial, did not specifically testify that it was the fire escape outside the victim's apartment upon which she had seen the defendant.

The Supreme Court denied the motion without a hearing. We affirm.

It may well be that the fire escape referred to by the prosecution witness noted above would more accurately have been described as one located on the side, rather than at the rear, of the victim's apartment building. Also, it may well be that this fire escape did not give direct access to the victim's apartment. However, these facts were plainly discoverable by the defendant at the time of trial, and thus he may not rely upon CPL 440.10 (1) (g) in support of his argument that he was entitled to a hearing as a matter of law (see also, CPL 440.10 [3] [a]; People v Latella, 112 AD2d 321).

We agree with the People that there was no deliberate attempt by the prosecutor to submit the case to the jury based upon proof which he knew or should have known to be false. We also agree with the People that defense counsel's failure to

cross-examine the witness as to her inability to see the fire escape which led to the victim's room did not constitute ineffective assistance of counsel. There was no evidentiary showing sufficient to warrant a hearing as to the defendant's motion insofar as it was made pursuant to CPL 440.10 (1) (b), (c), (f), and (h). The order appealed from should therefore be affirmed (*see, People v Lent,* 204 AD2d 855). Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.