■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS R. SPOTTSVILLE, Appellant. [645 NYS2d 349] —Casey, J. Appeal from a judgment of the County Court of Albany County (Doyle, J.), rendered October 14, 1994, upon a verdict convicting defendant of the crimes of assault in the second degree, burglary in the second degree, resisting arrest, criminal possession of stolen property in the fifth degree and petit larceny.

Defendant contends that County Court erred in refusing to suppress certain evidence seized from him after he was arrested. While responding to a radio call to investigate a complaint of a prowler, a City of Albany police officer observed defendant walking out of an alleyway adjacent to the residence which was the source of the complaint. Defendant, who was the only person in the vicinity, was carrying a large trash bag with unknown contents, and he abruptly reversed direction when he saw the officer. Based upon the prowler complaint, the officer stopped defendant to ask about his activities that night. Defendant refused to cooperate and when the officer attempted to conduct a frisk for weapons, defendant assaulted him. Defendant was thereafter arrested at the scene and subsequently transported to the police station.

During the course of the booking process at the police station, one of the officers was informed of a burglary in the vicinity where defendant had been taken into custody. The information about the burglary indicated the presence of sneaker imprints in the light snow at the crime scene. The imprints were distinctive and matched the sneakers being worn by defendant. Accordingly, the officer in charge at the station directed that defendant's sneakers be seized to preserve them as evidence in the burglary investigation.

Defendant contends that the sneakers were improperly seized in the absence of a warrant. The People contend that the sneakers were properly seized pursuant to defendant's lawful arrest. We conclude that the warrantless seizure was justified. As previously outlined, the evidence demonstrates that the police had probable cause to believe that the sneakers constituted incriminating evidence connecting defendant to the burglary, which they were able to determine by observation of the sneakers on defendant's feet. The police were also justified

in their concern for the immediate preservation of the evidence, the value of which would have been destroyed if defendant had been able to deface the sneakers and thereby alter their imprint. In these circumstances, we are of the view that the People satisfied their burden to justify the warrantless seizure of the sneakers (see, People v Thomas, 188 AD2d 569, 571-572, lv denied 81 NY2d 1021).

Defendant also contends that he was denied the effective assistance of counsel. After trial counsel was assigned, defendant filed a pro se motion to dismiss the indictment on speedy trial grounds. County Court forwarded the papers to assigned counsel who ultimately argued the motion. As the People announced their readiness well within the six-month period, defendant's CPL 30.20 claim was patently meritless. With regard to the CPL 30.30 claim, defendant contends that assigned counsel failed to adequately investigate the grounds for the motion. Counsel did, however, argue the merits of the CPL 30.30 claim. To the extent that defendant's argument is based on the theory that a better investigation would have disclosed additional facts that might have led to a different result, there is no support in the record for such a theory. Defendant has not met his high burden of demonstrating that he received less than meaningful representation (see, People v Hobot, 84 NY2d 1021).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.