■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEPHERD DAVIS, Appellant. [687 NYS2d 388] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. E. Rivera, J.), rendered October 30, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the *Allen* instructions (*Allen v United States,* 164 US 492) given to the jury, which twice sent notes to the Trial Judge stating that it was deadlocked, were coercive. This contention is not preserved for appellate review, as the defendant neither requested a specific charge nor objected to the charge suggested and ultimately given by the court (*see,* CPL 470.05 [2]; *People v Velez,* 150 AD2d 514). In any event, the instructions were proper. *Allen* instructions are proper if they assist a jury in its deliberation by stressing the importance of reaching a verdict without forcing any juror to yield a conscientious belief (*see, People v Ali,* 65 AD2d 513, *affd* 47 NY2d 920). The instructions given in his case neither asked the jurors to abandon their own convictions, nor shamed them into reaching a verdict (*see, People v Bastien,* 180 AD2d 691;

*People v Austin,* 168 AD2d 502). Contrary to the defendant's contention, the Trial Judge did not create a coercive climate merely by mentioning possible sequestration in an innocuous manner *(see, People v Sharff,* 38 NY2d 751). Thus, the *Allen* charge, viewed as a whole, was appropriate. Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.