■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. [725 NYS2d 877] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 10, 1999, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Douglass, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLY JONES, Appellant. [725 NYS2d 872] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered July 8, 1999, convicting him of criminal sale of a controlled substance in the third degree and crim-

inal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the trial court's *Allen* charge (*Allen v United States,* 164 US 492) coerced the jury into returning a verdict after they had reported a deadlock is unpreserved for appellate review. The defense counsel neither requested a specific charge nor objected to the charge as given (*see, People v Perdomo,* 204 AD2d 358). In any event, the charge, which stressed the importance of reaching a verdict without forcing any juror to yield a conscientious belief, was proper when taken as a whole (*see, People v Alvarez,* 86 NY2d 761; *People v Davis,* 259 AD2d 627). Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.